**Electronically Filed
Supreme Court
SCPW-19-0000801
27-FEB-2020
02:22 PM**

SCPW-19-0000801

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

SHERYLE FERREIRA, Petitioner,

vs.

THE HONORABLE BRUCE A. LARSON, Judge of the Family Court of the
Third Circuit, State of Hawaiʻi, Respondent Judge,

and

K.V. (2009) and S.V. (2013); DEPARTMENT OF HUMAN SERVICES, STATE
OF HAWAIʻI; MARLEEN VICTORINO; ZACHARY KAILI-JOSUE; AARON CHUNG,
in his capacity as Guardian ad Litem, Respondents.

ORIGINAL PROCEEDING
(FC-S NO. 18-0017)

ORDER DENYING PETITION FOR WRIT OF PROHIBITION
AND WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of petitioner Sheryle Ferreira's petition for writ of prohibition and writ of mandamus, filed on November 14, 2019, respondent State of Hawaiʻi Department of Human Service's ("DHS") response to the petition for writ of prohibition and writ of mandamus, filed on December 13, 2019, the respondent judge's response to the petition for writ of prohibition and writ of mandamus, filed on December 13, 2019, petitioner's rebuttal memorandum, filed on December 20, 2019, petitioner's reply memorandum, filed on January 3, 2020, respondent DHS's supplemental response, filed on January 3, 2020,

the respondent judge's supplemental memorandum, filed on January 3, 2020, the Declaration of Jamae Kawauchi, filed on January 10, 2020, the respective documents submitted in support thereof, and the record, it appears that, based on the submissions and information presented to the court in this proceeding, petitioner and her attorney have now been permitted to appear at and fully participate in subsequent hearings in the underlying family court case, including the continued hearings on the "Motion for An Immediate Review Hearing."  Extraordinary relief is therefore not warranted.  See HRS § 587A-36; HRS § 571-54; Honolulu Adv., Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (a writ of prohibition "is an extraordinary remedy . . . to restrain a judge of an inferior court from acting beyond or in excess of his jurisdiction"); Gannett Pac. Corp. v. Richardson, 59 Haw. 224, 226, 580 P.2d 49, 53 (1978) (a writ of prohibition is not meant to serve as a legal remedy in lieu of normal appellate procedures); Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action).  Accordingly,

IT IS HEREBY ORDERED that the petition is denied.

DATED:  Honolulu, Hawaiʻi, February 27, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



2